BYRON K. LINNENKAMP, individually and on behalf of members of DAIRY QUEEN ASSOCIATION of Iowa, appellant, v. HARRY D. LINN, Secretary of Agriculture, appellee.

No. 47976.

(Reported in 51 N.W.2d 393)

330

FEBRUARY 5, 1952.

Harris, Van Metre & Buckmaster, of Waterloo, for appellant.

Robert L. Larson, Attorney General, and Clarence A. Kading, Assistant Attorney General, for appellee.

HAYS, J.—Action for a declaratory judgment relative to certain sections of chapters 189, 190 and 191, Code of 1946, and an order issued by the State Department of Agriculture.

Plaintiff, an operator of a "Dairy Queen" establishment, brings this action on behalf of all of such operators in the state. They make and sell under the trade name of "Dairy Queen" a semi-frozen ice milk product. It is processed in a machine on the premises and dispensed in a semi-frozen condition from a spigot

into containers in which it is sold to the consuming public. Three types of containers are used: waxed pasteboard cylinders capped at both ends, of pint and quart capacities; waxed paper cups with no top cover; and pastry cones or cake cups. It is with the latter type that we are here concerned.

In June 1949, the State Department of Agriculture issued an order to plaintiff in substance as follows: "You are in violation of sections 189.9, 189.11 and 190.1, Code, 1946. Corrections to be made as follows: Label all packages, which includes cones or cake cups, in which your Dairy Queen (Ice Milk) is sold in compliance with above-stated sections of the Code."

Section 189.9 prescribes the manner in which "articles in package or wrapped form" requiring labels shall be labeled. Section 189.11, in addition to the requirements of section 189.9, prescribes additional labels for "articles which are mixtures," etc. Section 189.1 defines "Article" to include food. Section 189.1(4) states: " 'Package' or 'container', unless otherwise defined, shall include wrapper, box, carton, case, basket, hamper, can, bottle, jar, tube, cask, vessel, tub, firkin, keg, jug, barrel, tank, tank car, *and other receptacles of a like nature;* and wherever the expression 'offered or exposed for sale or sold in package or wrapped form' is used it shall mean the offering or exposing for sale, or selling of an article which is contained in a package or container as herein defined." (Italics added.) Section 191.1 states that "all food offered or exposed for sale, or sold in package or wrapped form, shall be labeled on the package or container as prescribed in sections 189.9 to 189.12, inclusive, unless otherwise provided in the chapter." Section 190.1(36) defines Ice Milk, and then provides: " 'Ice Milk' * * * shall be sold *only* in the manufacturer's package or wrapper and shall be labeled * * *. A sign shall be posted in every establishment where 'ice milk' * * * is sold * * * containing the words, 'Ice Milk Sold Here'." (Italics added.)

It is conceded that Dairy Queen is an ice milk product; also, that the Dairy Queen establishments have complied with the provisions of section 190.1(36) relative to posting of the signs. It is also admitted that as to all other types of containers used by them, except cake cups or pastry cones, proper labels have been attached thereto.

Plaintiff in his petition alleges that the cake cups or cones are neither packages nor wrappers but simply a pastry device in which to place, and with which to consume, the product; that the order requiring labels to be placed thereon is an unwarranted and unreasonable restriction; that if section 190.1(36) prohibits the sale of "Dairy Queen" in cake cups or cones, then said statute is unreasonable, arbitrary, discriminatory and unconstitutional.

·The trial court found that cake cups or pastry cones are packages or containers within the meaning of section 189.1(4); that the order of the Department of Agriculture requiring that they be labeled was in accord with the statutes governing the same, and that such requirements were not unconstitutional. From a judgment dismissing plaintiff's petition he has appealed.

Two errors are assigned: (1) Error in holding the requirement that cake cups or cones be labeled is reasonable and appropriate for the protection of the buying public. (2) Error in holding that such requirement was not discriminatory.

█ I. Did the trial court err in holding the labeling of cake cups and cones to be a reasonable requirement?

It should be noted that appellant does not assign as error the finding of the trial court that cake cups or pastry cones are packages or containers within the meaning of section 189.1(4) but accepts it as a proper finding. Such finding is in accord with appellee's theory as expressed in his answer. Thus, whether this finding is a proper construction to place upon section 189.1(4) and particularly the words "and other receptacles of a like nature" is not before us and we do not determine the question. Accepting, at least so far as the instant case is concerned, the fact that a "cake cup or pastry cone" when used as a container for the sale of food is a package or container within the terms of section 189.1(4), then it necessarily follows that under the provisions of section 191.1 labels are necessary. Section 190.1(36) prohibits the sale of "Ice Milk products" except in the manufacturer's package or wrapper. It does not specify the type of package or wrapper that is to be used, leaving that to the discretion of the manufacturer. Thus, assuming for the moment that prohibiting the sale of an article of food except in the manufacturer's package or wrapper is a valid exercise of the police power of the State, the fact that the type of package or wrapper

adopted by the manufacturer makes it difficult to comply with the labeling statute is the fault not of the law, but of the manufacturer.

The question thus boils down to whether or not the requirement—that a product may be sold only in the manufacturer's package or wrapper—is a valid exercise of the police power of the State. To this question our answer must be yes. All parties concede the extensive power of the State in the matter of regulating the handling and sale of food. They also agree that the courts do not determine the wisdom, advisability or justice of the various statutes adopted by the legislature, and that the remedy for unwise or oppressive legislation rests with the legislature. See Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66, and cited cases.

The record shows that approximately fifty per cent of appellant's sales are made in the cup or cone type of container. While it appears possible to place a label, in the nature of a paper band, about the cake or cone, it is clearly burdensome and entails additional time and expense. The record does not show the additional time required or expense. It further appears that where the band type of label is used the consuming public has paid little, if any, attention thereto. Appellant contends that by the posting of the required notices in his place of business the public is fully informed as to the nature of the product they are purchasing, and the requirement that a label be placed upon the cone is a useless and unreasonable one. While these arguments are very persuasive upon the question of the wisdom of such legislation, they lack force as a legal argument.

The single question is whether or not legislation prohibiting the sale of food except in package or wrapped form is unreasonable and an illegal use of the police power of the State. This question has been before this court many times and such legislation has been consistently upheld. Such also appears to be the general rule. State v. Snow, 81 Iowa 642, 47 N.W. 777, 11 L. R. A. 355; State v. Hutchinson Ice Cream Co., 168 Iowa 1, 147 N.W. 195, L. R. A. 1917B 198; Hutchinson Ice Cream Co. v. State of Iowa, 242 U. S. 153, 37 S. Ct. 28, 61 L. Ed. 217, Ann. Cas. 1917B 643; State v. Armour Packing Co., 124 Iowa 323,

100 N. W. 59, 2 Ann. Cas. 448; 22 Am. Jur., Food, sections 23, 24; 36 C. J. S., Food, section 10.

Appellant cites State ex rel. Mitchell v. Thompson's School, 226 Iowa 556, 285 N.W. 133, State v. Neslund, 141 Iowa 461, 120 N.W. 107, and State of Minnesota v. Myers (a Hennepin County District Court decision). An examination of these cases shows that they are not in point, especially in view of the accepted holding that a cup or cone is a package within the meaning of section 189.1(4).

II. Appellant further asserts error in the holding that the requirement that Dairy Queen establishments must label cups and cones in which the product is sold is not discriminatory.

It is his contention that the same rule has not been applied to the sale of ice cream, when sold in cones. While the record is vague upon this question, we think it may be fairly assumed under the same, and in view of statements made in the oral presentation of this appeal that such is the case. However, appellant does not question the order in question as being contrary to the provisions of the statute, so any claim of discrimination must be lodged against the statute itself and not the order. For the statute to be discriminatory such must be found in the statute itself, or in some other statute exempting like packages or containers from the labeling statute. We find no such statute, nor has appellant cited such in brief and argument. Neither do we find anything in the statute, section 191.1(36), which can be construed as exempting from its provisions any certain type of food or any class of dealers in food from complying with the provisions thereof, if they sell their product in package or wrapped form within the terms of section 189.1(4). Assuming, as claimed by appellant, but not so finding, that there is discrimination in the manner in which the Department of Agriculture is applying and enforcing the statutes, this fact does not invalidate the law under which the department acts. If the order complained of is authorized by the statute, and we hold in Division I hereof that it is, then appellant can gain no relief therefrom by a showing that the enforcing agency is not enforcing it as to others. Inequality by the enforcing agency in the performance of its duty

335

can never, in itself, be held to make an inequality in the statute under which it acts.

Finding no error in the judgment of the trial court the same should be and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.