TERRELL, Justice.
Ar-Tik Systems, Incorporated filed its bill for declaratory decree, seeking an interpretation of Section 503.07(3), Florida Statutes 1949, F.S.A., and to restrain the Commissioner of Agriculture from enforcing the said act. At final hearing on bill and answer the chancellor construed the act, but made no ruling as to other questions raised. This appeal was prosecuted from the final decree.
Section 503.07(3) provides:
“(3) No person shall sell or offer or expose for sale ice milk, unless contained in a package or enclosed in a wrapper, upon which package or wrapper, shall be conspicuously printed the words, ‘Ice milk,’ in not less than fourteen point type.”
The point for determination may be stated as follows: Are the provisions of the quoted act complied with by dispensing “ice milk” in an open cardboard cup or in a pastry cone similar in shape, design and composition to the current ice cream cone ? Appellant contends that the answer to the question turns on the interpretation of the words “package,” “wrapper,” “contained in” or “enclosed” as used in the quoted statute. It is further contended that the provision of the act requiring that “dairy queen” or ice milk be dispensed in an enclosed “wrapper” or “package” necessarily contemplates that it be contained in a closed package or in a receptacle with a secure cap or top. This contention is fortified by definitions from 67 C.J.S. p. 549; Webster’s Collegiate Dictionary, page 711; and 71 Corpus Juris, page 1623.
A strict, literal interpretation of the quoted words might support appellant’s contention, but the practical application of the statute, the purpose and use to which ice milk is put, refutes it. Ice milk is a semi-frozen food, six per cent milk fat, *409 thirteen per cent non-fat milk solids, fifteen per cent sugar and five per cent stabilizer ns compared with ice cream which is thirteen per cent fat, ten and one-half per cent non-fat milk solids, fifteen per cent sugar and five per cent stabilizer. It is accordingly low in butter fat but high in other milk solids. It is wholesome and nourishing and is advertised and sold as ice milk. The receptacles in which it is dispensed have the words “ice milk” embossed thereon in letters of 14-point type. Most of it is consumed on the premises and its sale constitutes the major portion of- the plaintiff’s business.
The trial court found that sale in open cups with the words “ice milk” embossed thereon met the requirements of the law. The statute is flexible enough to permit this interpretation and some of the definitions of the words “contained” and “package” are to the same effect. Oxford English Dictionary, Volume VII, following discussion under the word “pack.” The applicable decisions are to like effect. Linnenkamp v. Linn., Secretary of Agriculture of the State of Iowa, Iowa, 51 N.W.2d 393; Mexican Petroleum Corp. v. South Portland, 121 Me. 128, 115 A. 900, 26 A.L.R. 965.
The command of the statute is that ice ■milk for sale be “contained in a package or •enclosed in a wrapper”. We are convinced that the chancellor was correct in finding that sale in open cups or pastry cones with the words “ice milk” conspicuously embossed on the cup in letters of 14-point type met every requirement of the statute. Words in the course of history undergo •evolution no less than obj ects and they may ■be adjusted by statute to fit various and ■sundry conditions not contemplated in their inception. Adhering to this view it becomes unnecessary to discuss other questions raised.
The decree appealed from is therefore affirmed.
Affirmed.
SEBRING, C.- J., THOMAS, ROB, ERTS, MATHEWS and DREW, JJ., and WARREN, Associate Justice, concur.